law and which, for technical reasons, could not be enforced
in equity, where such claims are just and equitable in their
character and involve a moral obligation.   Cayuga County v.
State of New York, 153 N. Y. 279; Brewster v. City of
Syracuse, 19 id. 116; Darlington v. Mayor, etc., 31 id. 164;
Brown v. Mayor, etc., 63 id. 239; Mayor v. Tenth Nat. Bank,
111 id. 446; Wrought I. B. Co. v. Town of Attica, 119 id.
204; Cole v. State of New York, 102 id. 48; O'Hara v.
State of New York, 112 id. 146; People v. Phillips, 88 App.
Div. 560; Matter of Richard Street, 138 id. 821; Johnson v.
Pettit, 120 id. 774, 779, 780; Matter of Grade Crossing
Comrs., 64 id. 71; affd., 169 N. Y. 605; Matter of Mayor,
139 App. Div. 69, 71; People ex rel. City of New York v.
Stillings, 134 id. 480; Matter of City of New York, 129
App. Div. 150; affd., 195 N. Y. 527; Matter of Mayor, 131
App. Div. 696, 713; People ex rel. Central Trust Go. v.
Stillings, 136 id. 438, 441.

I have, therefore, reached the conclusion that the common
council had power and authority to allow the claim which it
did allow; and, such being the case, that the applicant is
entitled to a writ of peremptory mandamus requiring the
comptroller to countersign and deliver to him the warrant
therefor, which the common council directed drawn in his
favor; and an order to that effect may be entered, with-
out costs.

Application granted.

---

Matter of the Application of FRANCIS B. GIBBONS for a
    Writ of Mandamus against WILLIAM A. PRENDERGAST,
    Comptroller of the City of New York.

(Supreme Court, New York Special Term, February, 1912.)

Military — In general — Armory employees.

The appointment of an armorer under section 187 of the Mili-
tary Law is invalid unless approved by the certificate of the major-
general or commanding officer of the brigade within whose command
the armory is located.

MOTION for a writ of mandamus.

Corbin & O'Ryan, for petitioner.

Archibald R. Watson, corporation counsel of city of New York, for respondent.

BIJUR, J.    This is a motion for a writ of mandamus requiring the comptroller of the city of New York to audit and pay the wages of the petitioner at the rate of four dollars per day.

Petitioner was appointed armorer of Battery D, Second Battalion of the Field Artillery of the National Guard of this State, by the captain then the commanding officer of said Battery D, and such appointment was duly approved by the major commanding the Second Battalion. The comptroller, however, refuses to pay for petitioner's services on the ground that the certificate of the major-general or commanding officer of the brigade is necessary. The solution of this controversy depends upon the construction to be given to section 187 of the Military law. This section is entitled "Armorers, janitors and engineers "— Provisions for their number and appointment. It commences: " There shall be allowed for each armory, and for the headquarters of the division, the naval militia and of each brigade, one armorer." It then provides for engineers for heating and lighting, and for janitors. It then continues: " Where a field hospital, an ambulance company, a company of signal corps, troop, battery, separate division, or the headquarters of the division, or a brigade, or of a battalion not part of a regiment, *occupies a portion of an* armory or state arsenal, *each shall be entitled to an armorer,* and such field hospital, ambulance company, company of signal corps, troop, battery, or separate division shall also be entitled to a janitor, who shall be appointed by its respective commanding officer, and such headquarters and quarters shall be considered an independent armory, upon the ap-

proval and certificate of the major-general or commanding officer of the brigade within whose command such armory is located."

The petitioner argues that the language, "Where a * * * troop, *battery,* separate division, or the headquarters of the division occupies a portion of an armory * * * each shall be·entitled to an armorer," though separated from the remainder by only a comma, is to be read independently of it, and that the certificate of the major-general for the establishment of an independent armory is required only to enable the appointment of a janitor.

Such a construction of the sentence is not possible. It is improper to split it so that the clause relating to the armorer be held entirely separate from the clauses relating to the janitor and the certificate, because the words " who shall be appointed by its respective commanding officer " (which is the authority for the appointment of the·petitioner) occur after the clause relating to the janitor and before 'the clause relating to the certificate. They must, therefore, relate to the clause referring to the armorer, or else there is no authority for such appointment. All the clauses are, as their punctuation indicates, part of one sentence and of necessity to be read together. Moreover, the construction advanced by the petitioner is inconsistent with the opening and controlling sentence of the section, which is to the effect that there shall be one armorer for each armory; and the section as a whole, therefore, provides that, where a troop or battery, etc., occupies a portion of an armory which has been certified as an independent armory, it also shall be allowed an armorer.

The petitioner urges various reasons based upon the work supposed to be performed by armorers and janitors. Neither this argument nor the citation of other possibly irregular appointments can override the language of the statute.

Petitioner makes the final broad point that, as the commanding officer of each organization is responsible and must by law account for all arms and equipment of his particular organization, he is entitled to a separate armorer for his

own separate organization, but cites no authority for his contention. Moreover, this argument presupposes that responsibility for equipment includes the necessity for an armorer, but neither the sense in which the word "responsibility" is used nor the functions of an armorer, as the term is generally understood, afford a sound basis for this contention.. The argument, however, is categorically answered by the fact that no such provision occurs in the statute. The motion must be denied.

Motion denied.